```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROMAN CHARIOT, LLC, | : CIVIL ACTION NO. 06-626 (MLC) |
| Plaintiff, | : **MEMORANDUM OPINION** |
| v. | : |
| JMRL SALES & SERVICE, INC., et al., | : |
| Defendants. | : |

**THE DEFENDANTS** having moved pursuant to 9 U.S.C. § 4 to compel arbitration of the claims asserted against them by plaintiff Roman Chariot, LLC ("Roman Chariot") (dkt. entry no. 45); and

**THE COURT HAVING READ** the papers in support of and opposition to the motion; and the defendants arguing that the parties to this action agreed to arbitrate all disputes arising under the two agreements that are at issue in this litigation (Defs. Br., at 60); and the plaintiff arguing that the parties did not intend to arbitrate all controversies between them (Pl. Br., at 4); and

**THE FEDERAL ARBITRATION ACT PROVIDING:**

> [a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract

9 U.S.C. § 2; and the Court noting that a district court may direct a dispute to be resolved through arbitration upon petition

by the party aggrieved by the failure, neglect, or refusal of another to arbitrate, 9 U.S.C. § 4; and the Court acknowledging that there is a strong federal policy in favor of enforcing arbitration agreements, see E.I DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediaries, 269 F.3d 187, 194 (3d Cir. 2001); and the Court noting that "[a]rbitration is a matter of contract and courts must respect the parties' bargained-for method of dispute resolution," John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 136-37 (3d Cir. 1998), see also Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219 (1985) ("[t]he legislative history of the [Federal Arbitration] Act establishes that the purpose behind the passage was to ensure judicial enforcement of privately made agreements to arbitrate"), United Steelworkers of Am. v. Lukens Steel Co., 969 F.2d 1468, 1474 (3d Cir. 1992) ("[i]t is not arbitration per se that federal policy favors, but rather final adjustment of differences by a means selected by the parties"); and

**THE PARTIES HAVING** signed two agreements: (1) a "Confidentiality and Exclusive Rights Agreement," executed on October 4, 2004 ("October Agreement"), and (2) an agreement relating to the production and manufacture of a particular type of tour bus, executed in January 2005 ("January Agreement"); and the October Agreement stating "all disputes under this Agreement that cannot be settled by the parties themselves . . . will be

settled by arbitration . . . in accordance with the rules of the American Arbitration Association" (Piliero Certif., at Ex. 2); and the January Agreement stating "JMRL agrees that Roman has exclusive rights to design and sales of the 'city sightseeing buses' (in continuation of previous agreement, see attachment)" (id. at Ex. 3); and the Court noting that the attachment referenced in the January Agreement is the October Agreement that contains the arbitration clause; and

**IT APPEARING** that the claims against the defendants allege that they wrongfully retained, used, and disclosed Roman Chariot's trade secrets and confidential information; and it appearing that the claims are based on related factual assertions; and it appearing that both the October Agreement and the January Agreement address the exclusivity of Roman Chariot's ideas and design; and

**IT APPEARING** that the parties have engaged in a continuous course of dealing; and it appearing that the October Agreement is referenced in the January Agreement; and the Court determining that the arbitration provision in the October Agreement applies to each of the claims asserted against the defendants, see Standard Bent Glass Corp. v. Glassrobots Oy, 333 F.3d 440, 448 (3d Cir. 2003) (enforcing arbitration clause that was incorporated into contract by reference); and


**THE COURT INTENDING** to decide the motion without oral argument pursuant to Federal Rule of Civil Procedure 78; and the Court intending to grant the motion to compel arbitration of this action in its entirety; and the Court, therefore, noting that a stay is not necessary; and for good cause appearing, the Court will issue an appropriate order.[1]

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

---

[1] The claims in the complaint do not refer specifically to the individual defendants, Robert J. Haswell and Robert M. Haswell.  Rather, all the claims refer collectively to "defendants."  The Court recognizes that defendants Robert M. Haswell and Robert J. Haswell have filed a separate motion to dismiss the claims insofar as they are asserted against them.  (See dkt. entry no. 47.)  The Court will deny this motion without prejudice to be renewed before the arbitrator.